# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EARL WILLIAMS                                  :          NO.  09-4826
                                               :
    v.                       :
                                               :
CITY OF PHILADELPHIA,                          :
OFFICER LAUREN OSWALD, ind. and in             :
her official capacity as a police officer in   :
City of Philadelphia, CITY OF PHILADELPHIA     :
and RITE AID CORPORATION, STORE #2709          :


## ANSWER OF DEFENDANT RITE AID CORPORATION, STORE #2709, TO PLAINTIFF'S CIVIL ACTION COMPLAINT

**I.     Jurisdiction**

1.      Denied.  The averments contained herein constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

2.      Denied.  The averments contained herein constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

3.      Denied.  The averments contained herein constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

4.     Denied. The averments contained herein constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

WHEREFORE, Defendant, Rite Aid of Pennsylvania, Inc., demands judgment be entered in its favor and against Plaintiff with an award of attorney's fees and costs associated with the defense of this matter.

**II.     Parties**

5.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 5 of Plaintiff's Complaint; therefore, strict proof is thereof demanded at time of trial.

6.     Denied. The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid Corporation; therefore, no response is required.

7.     Denied. The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid Corporation; therefore, no response is required.

8.     Denied. The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid Corporation; therefore, no response is required.

9.     Denied. The averments contained herein constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference. In addition, the property entity is not, "Rite Aid Corporation Store No. 2709."   In actuality, the proper entity is, "Rite Aid of Pennsylvania."

10.     Denied.  The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid Corporation; therefore, no response is required.

WHEREFORE, Defendant, Rite Aid of Pennsylvania, Inc., demands judgment be entered in its favor and against Plaintiff with an award of attorney's fees and costs associated with the defense of this matter.

## III.     Facts

11.     Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 11 of Plaintiff's Complaint.  Strict proof is demanded at time of trial.  By way of further response, Defendant believes and avers that the allegations contained in Paragraph 11 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

12.     Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 12 of Plaintiff's Complaint.  Strict proof is demanded at time of trial.  By way of further response, Defendant believes and avers that the allegations contained in Paragraph 12 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

13.     Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 13 of Plaintiff's Complaint.  Strict proof is demanded at time of trial.  By way of further response, Defendant believes and avers that the allegations contained in Paragraph 13 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

14.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 14 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 14 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

15.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 15 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 15 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

16.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 16 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 16 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

17.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 17 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 17 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

18.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 18 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 18 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

19.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 19 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 19 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

20.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 20 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 20 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

21.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 21 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 21 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

22.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 22 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 22 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

23.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 23 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 23 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

24.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 24 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 24 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

     25.    Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 25 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 25 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

     26.    Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 26 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 26 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

     27.    Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 27 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 27 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

28.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 28 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 28 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

29.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 29 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 29 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

30.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 30 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 30 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

31.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 31 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 31 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

32.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 32 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 32 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

33.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 33 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 33 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

34.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 34 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 34 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

35.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 35 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 35 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

36.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 36 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 36 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

37.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 37 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 37 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

38.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 38 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 38 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

39.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 39 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 39 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

40.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 40 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 40 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

41.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 41 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 41 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

42.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 42 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 42 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

43.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 43 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 43 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

44.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 44 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 44 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

45.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 45 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 45 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

46. Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 46 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 46 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

47. Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 47 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 47 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

48. Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 48 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 48 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

49.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 49 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 49 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

50.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 50 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 50 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

51.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 51 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 51 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

52.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 52 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 52 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

53.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 53 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 53 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

54.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 54 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 54 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

55.     Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 55 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 55 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

56.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 56 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 56 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

57.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 57 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 57 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

58.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 58 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 58 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

59.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 59 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 59 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

60. Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 60 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 60 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

61. Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 61 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 61 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

62. Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 62 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 62 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

63.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 63 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 63 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

64.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 64 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 64 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

65.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 65 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 65 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

66.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 66 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 66 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

67.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 67 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 67 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

68.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 68 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 68 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

69.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 69 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 69 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

70.     Answering Defendant has no independent knowledge as to what, if any, injuries or damages the Plaintiff sustained.  Further, it is denied that the alleged injuries, if truthful, are serious, permanent or causally related to the incident set forth in Plaintiff's Complaint. Furthermore, all averments are denied and strict proof thereof is demanded at the time of trial.

71.     Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 71 of Plaintiff's Complaint.  Strict proof is demanded at time of trial.  By way of further response, Defendant believes and avers that the allegations contained in Paragraph 71 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

IV.     **Causes of Action**

### COUNT I
### CIVIL RIGHTS VIOLATIONS

72.     Answering defendant incorporates herein by reference all averments contained in its answers to Paragraphs 1 through 71 of Plaintiff's Complaint.

73.     Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 73 of Plaintiff's Complaint.  Strict proof is demanded at time of trial.  By way of further response, Defendant believes and avers that the allegations contained in Paragraph 73 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

74.     Denied.  After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 74 of Plaintiff's Complaint.  Strict proof is demanded at time of trial.  By way of further response, Defendant believes and avers that the allegations contained in Paragraph 74 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

## COUNT II
## CIVIL RIGHTS VIOLATIONS – MONELL
## Plaintiff v. City & PPD

75.     Answering defendant incorporates herein by reference all averments contained in its answers to Paragraphs 1 through 74 of Plaintiff's Complaint.

76.     Denied.  The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid of Pennsylvania, Inc.; therefore, no response is required.

77.     Denied.  The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid of Pennsylvania, Inc.; therefore, no response is required.

78.     Denied.  The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid of Pennsylvania, Inc.; therefore, no response is required.

79.     Denied.  The averments contained herein are addressed to a Defendant other than Defendant, Rite Aid of Pennsylvania, Inc.; therefore, no response is required.

## COUNT III
## State Law Claim – False Arrest/Wrongful ImprisonmentMONELL
## Plaintiff v. Oswald and Rite Aid

80.     Answering defendant incorporates herein by reference all averments contained in its answers to Paragraphs 1 through 79 of Plaintiff's Complaint.

81.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 81 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 81 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

82.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 82 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 82 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

83.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 83 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 83 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

84.    Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 84 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 84 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

85.      Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 85 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 85 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

## COUNT IV
### State Law Claim – Malicious Prosecution
### Plaintiff v. Oswald and Rite Aid

86.      Answering defendant incorporates herein by reference all averments contained in its answers to Paragraphs 1 through 85 of Plaintiff's Complaint.

87.      Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 87 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 87 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

88.      Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 88 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 88 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

89.   Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 89 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 89 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

**COUNT V**
**Punitive Damages**
**Plaintiff v. Defendant Oswald, Individually & Rite Aid**

90.   Answering defendant incorporates herein by reference all averments contained in its answers to Paragraphs 1 through 89 of Plaintiff's Complaint.

91.   Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 91 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of further response, Defendant believes and avers that the allegations contained in Paragraph 91 of Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.

92.   Denied. After reasonable investigation, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in Paragraph 92 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 92 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

93.     Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 93 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 93 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

94.     Denied. After reasonable investigation, Defendant is without sufficient

knowledge or information upon which to form a belief as to the truth of the averments contained

in Paragraph 94 of Plaintiff's Complaint. Strict proof is demanded at time of trial. By way of

further response, Defendant believes and avers that the allegations contained in Paragraph 94 of

Plaintiff's Complaint constitute conclusions of law to which no response is required. By way of

further response, the averments contained in Defendant's New Matter to Plaintiff's Complaint are

incorporated herein and made a part hereof by this reference.

**V.      Prayer for Relief**

WHEREFORE, Defendant, Rite Aid of Pennsylvania, Inc., demands judgment be entered

in its favor and against Plaintiff with an award of attorney's fees and costs associated with the

defense of this matter.

**DEFENDANT, RITE AID OF PENNSYLVANIA, INC.'S CROSSCLAIMS AGAINST
DEFENDANTS, CITY OF PHILADELPHIA, OFFICER LAUREN OSWALD, Ind. and in
her capacity of as a police officer in City of Philadelphia, PHILADELPHIA POLICE
DEPARTMENT, JOHN DOES, 1-10**

Answering defendant(s) incorporate herein by reference all averments contained in their answers to Paragraphs 1 through 94 of Plaintiff's Complaint.

1.    If the averments of Plaintiff's Complaint or certain of them are proven true and correct at the time of trial in this matter, the plaintiff's damages were caused by the recklessness, carelessness, negligence or other culpable conduct of Defendants, City of Philadelphia, Officer Lauren Oswald, ind. and in her official capacity as a police officer in City of Philadelphia, Philadelphia Police Department and John Does, 1-10. Defendants, City of Philadelphia, Officer Lauren Oswald, ind. and in her official capacity as a police officer in City of Philadelphia, Philadelphia Police Department and John Does, 1-10, are alone liable to Plaintiff, jointly and severally liable to Plaintiff, jointly and severally liable with answering Defendant, or liable over to answering Defendant, on the cause of action declared upon the Plaintiff's Complaint, the existence of any liability on the part of the Defendant, Rite Aid, hereby being expressly denied.

WHEREFORE, Defendant, Rite Aid, demands a judgment be entered in its favor. Further it demands that Defendants, City of Philadelphia, Officer Lauren Oswald, ind. and in her official capacity as a police officer in City of Philadelphia, Philadelphia Police Department and John Does, 1-10, be found solely liable for any and all damages sustained by Plaintiff. Alternatively, Defendant, Rite Aid, prays that this Honorable Court enter judgment against Defendants, City of Philadelphia, Officer Lauren Oswald, ind. and in her official capacity as a police officer in City of Philadelphia, Philadelphia Police Department and John Does, 1-10, as jointly and severally liable with Defendant, Rite Aid, for any and all liability, any such liability on the part of the Defendant, Rite Aid, being specifically denied, in which case Defendants, City of Philadelphia, Officer Lauren Oswald, ind. and in her official capacity as a police officer in City of Philadelphia, Philadelphia Police Department and John Does, 1-10, are liable over to Defendant, Rite Aid, for full indemnity and/or contribution, including reimbursement of the damages, costs, legal expenses and fees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Some or all of the injuries alleged in Plaintiff's Complaint were the result of Plaintiff's

own contributory and/or comparative negligence and/or assumption of the risk.  Therefore,

Plaintiff's claims are barred by the application of the doctrines of contributory and/or

comparative negligence and/or assumption of the risk.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the injuries alleged in Plaintiff's Complaint are the result of plaintiff's own

conduct.  Thus, his claims are barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims asserted herein lack reasonable foundation or supportive law and,

therefore, answering Defendant is entitled to attorney's fees and costs associated with the defense

of this matter.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the application of the doctrines of contributory and/or

comparative negligence and/or the doctrine of the assumption of the risk.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Res Judicata, Collateral Estoppel and/or

Waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction and/or Release.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant, Rite Aid, is entitled to all of the defenses and immunities pursuant to

18 Pa.C.S.A. §3929, otherwise known as the Retail Theft Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has pled insufficient allegations just by the claim of punitive damages.

WHEREFORE, Defendant, Rite Aid of Pennsylvania, Inc. , demands judgment be entered in its favor and against Plaintiff with an award of attorney's fees and costs associated with the defense of this matter.

**BOLAN JAHNSEN DACEY**

BY___/s/ JRE 1881_____
          JOHN REED EVANS, ESQUIRE
          31 S. Eagle Road
          Suite 202
          Havertown, PA 19083
          (610) 449-0482
          jevans@bolanjahnsen.com

## DEMAND FOR TRIAL BY JURY

Defendant, Rite Aid of Pennsylvania, Inc.. hereby demands a trial by a jury relative to all issues in this matter.

**BOLAN JAHNSEN DACEY**

BY___/s/ JRE 1881_____
          JOHN REED EVANS, ESQUIRE
          31 S. Eagle Road
          Suite 202
          Havertown, PA 19083
          (610) 449-0482
          jevans@bolanjahnsen.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EARL WILLIAMS                                  :       NO.  09-4826
                                               :
    v.                     :
                                               :
CITY OF PHILADELPHIA,                          :
OFFICER LAUREN OSWALD, ind. and in             :
her official capacity as a police officer in   :
City of Philadelphia, CITY OF PHILADELPHIA     :
and RITE AID CORPORATION, STORE #2709          :

### CERTIFICATE OF SERVICE

I, John Reed Evans, Esquire, do hereby certify that a true and correct copy of Answer of

Defendant Rite Aid of Pennsylvania, Inc. (incorrectly identified as Rite Aid Corporation, Store

#2709, to Plaintiff's Complaint with Affirmative Defenses was served upon each of the

following individuals electronically and/or by First Class U.S. Mail, postage prepaid, on the date

indicated below:

Matthew B. Weisberg, Esquire
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070

**BOLAN JAHNSEN DACEY**

BY___/s/ JRE 1881_____
    JOHN REED EVANS, ESQUIRE
    31 S. Eagle Road
    Suite 202
    Havertown, PA 19083
    (610) 449-0482
    jevans@bolanjahnsen.com

Date:___12/18/2009_____