IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL WILLIAMS | : CIVIL ACTION |
| v. | : NO. 09-CV-4826 |
| CITY OF PHILADELPHIA,<br>OFFICER LAUREN OSWALD, ind. and in<br>her official capacity as a police officer in<br>City of Philadelphia, CITY OF PHILADELPHIA<br>and RITE AID CORPORATION, STORE #2709 | : |

## ORDER

**AND NOW** this _____ day of _____, 2010, upon consideration of the Motion of Defendant Rite Aid Corporation, Store #2709 for Summary Judgment and any Response(s) thereto, it is hereby **ORDERED** that the said Motion is **GRANTED**. Judgment is hereby entered in favor Motion of Defendant Rite Aid Corporation, Store #2709 and against Plaintiff in no amount.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL WILLIAMS : | CIVIL ACTION |
| : | |
| v. : | NO. 09-CV-4826 |
| : | |
| CITY OF PHILADELPHIA, : | |
| OFFICER LAUREN OSWALD, ind. and in : | |
| her official capacity as a police officer in : | |
| City of Philadelphia, CITY OF PHILADELPHIA : | |
| and RITE AID CORPORATION, STORE #2709 : | |

## MOTION OF DEFENDANT RITE AID CORPORATION, STORE #2709 FOR SUMMARY JUDGMENT

1. This is an action by the plaintiff alleging civil rights violations, false imprisonment and malicious prosecution against Rite Aid Corporation, Store #2709 (hereinafter "Rite Aid").

2. The relevant facts are not in dispute.

3. On April 22, 2008, the plaintiff went into a Rite Aid Store located at 8243 Stenton Avenue, Philadelphia, PA.

4. Plaintiff then proceeded to the isle where the laundry detergent is located and began transferring the detergent of one bottle into another bottle. (See a true and correct copy of the deposition transcript of Plaintiff Earl Williams at p. 26-28 is attached hereto and marked as Exhibit "A").

5. After, this action was observed by a Rite Aid security guard, the plaintiff took both tampered bottles of detergent to the register. (See Exhibit "A" at p. 32).

6. The Rite Aid security guard instructed the cashier not to allow the plaintiff to purchase the tampered items. (See Exhibit "A" at p. 32).

7. The plaintiff then left the Rite Aid without being detained, searched or touched in anyway. (See Exhibit "A" at p. 50).

8. After leaving the store, <u>the plaintiff</u> called the police and soon thereafter an officer arrived at the scene. (See Exhibit "A" at p. 50).

9. The plaintiff was then arrested by the Philadelphia police and charged with various offenses. (See Exhibit "A" at p. 50).

10. Nobody from Rite Aid appeared at any criminal proceeding or testified against the plaintiff. (See Exhibit "A" at pp. 50-51).

11. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

12. First, 18 Pa.C.S.A. § 3929, commonly referred to as the retail theft act, provides, in part, that "[a] person is guilty of a retail theft if he…transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof."

13. Further the retail act states that "[a] peace officer, merchant or merchant's employee or an agent under contract with a merchant, who has <u>probable cause to believe that retail theft has occurred or is occurring</u> on or about a store or other retail mercantile establishment and who has probable cause to believe that a specific person has committed or is

committing the retail theft <u>may detain the suspect</u> in a reasonable manner for a reasonable time on or off the premises <u>for all or any of the following purposes</u>: to require the suspect to identify himself, to verify such identification, to determine whether such suspect has in his possession unpurchased merchandise taken from the mercantile establishment and, if so, to recover such merchandise, <u>to inform a peace officer, or to institute criminal proceedings</u> against the suspect. <u>Such detention shall not impose civil</u> or criminal liability upon the peace officer, merchant, employee, or agent so detaining." 18 Pa.C.S.A. § 3929(d) (emphasis added).

14. Here, the plaintiff admits that he was observed committing acts that constitute retail theft. (See Exhibit "A").

15. Therefore, under the retail theft act, Rite Aid had probable cause to detain the plaintiff, inform the police and institute criminal proceedings, without being liable for civil liability for such actions.

16. This issue is not novel and it been has been addressed by the court on prior occasions. See *Karkut v. Target Corporation, et al.*, 453 F.Supp.2d 874 (E.D.Pa 2006).

17. Further, even if Rite Aid could be liable for such actions, by plaintiff's own admissions, nobody from Rite Aid detained him, called the police or appeared at criminal hearings to testify against him. (See Exhibit "A").

18. Therefore, the even if everything the plaintiff is found to be true, as a matter of law, defendants cannot be liable for malicious prosecution or false arrest.

19. Finally, plaintiff cannot maintain a claim against Rite Aid based on 42 U.S.C. § 1983.

20. Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir.2006)

21. It does not, by its own terms, create substantive rights." *Kaucher v. County of Bucks,* 455 F.3d 418, 423 (3d Cir.2006) (footnote omitted) (citing *Baker v. McCollan,* 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)); *see also City of Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing *Baker,* 443 U.S. at 140, 144 n. 3)).

22. Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Kaucher,* 455 F.3d at 423 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999), and *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir.1995)).

23. Further, although private parties may cause the deprivation of rights, they may only be subjected to liability under § 1983 when they do so under color of state law. *Simpson v. Owner of Dollar Tree Store,* Slip Copy, 2010 WL 3398959 (E.D.Pa.2010).

24. Determining whether there has been state action requires an inquiry into whether "there is a sufficiently close nexus between the State and the challenged action so that the challenged action may be fairly treated as that of the State itself." *McCracken v. Ford Motor Co.,* Civ. A. No. 01-4466, 2001 WL 1526051, at *4 (E.D.Pa. Nov.27, 2001) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), and citing *Mark,* 51 F.3d at 1141).

25. The Court of Appeals for the Third Circuit has delineated the following tests to determine whether there has been state action: (1) whether the private entity has exercised powers that are traditionally in the exclusive prerogative of the state; (2) whether the private

party has acted with the help of or in concert with state officials, and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity. *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1142 (3d Cir.1995).

26. Here, like in *Simpson v. Owner of Dollar Tree Store*, the Complaint does not allege and no evidence has been presented that Rite Aid exercised any powers which are traditionally in the exclusive prerogative of the state, it acted with the help of, or in concert with, state officials or that the Philadelphia Police acted as a joint participant with Rite Aid.

27. Accordingly, the plaintiff has also failed to allege a claim under § 1983 against Rite Aid upon which relief may be granted.

28. Based on the above facts and law, plaintiff has failed to state any claims against Rite Aid upon which relief may be granted and Rite Aid should be dismissed from this action.

**WHEREFORE**, for the foregoing reasons, Defendant Rite Aid Corporation, Store #2709 respectfully requests that this Honorable Court enter the attached Order granting summary judgment in its favor.

Respectfully Submitted

**BOLAN JAHNSEN DACEY**

By: _____/s/ jre1881_____
John Reed Evans, Esquire
31 S. Eagle Road, Suite 202
Havertown, PA 19083
(610) 449-0489
jevans@bolanjahnsen.com
Attorney for Defendant
Rite Aid Corporation, Store #2709

Date: 9/29/10

## **VERIFICATION**

**I, JOHN REED EVANS**, deposes and says that he is the attorney for the Defendant Rite Aid Corporation, Store #2709 in this action, and hereby verifies that the statements made in the foregoing Motion for Summary Judgment are based upon the facts as explained by the Defendant, which are true and correct, and understands that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Dated: 9/29/10

John Reed Evans, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL WILLIAMS | : CIVIL ACTION |
| v. | : NO. 09-CV-4826 |
| CITY OF PHILADELPHIA,<br>OFFICER LAUREN OSWALD, ind. and in<br>her official capacity as a police officer in<br>City of Philadelphia, CITY OF PHILADELPHIA<br>and RITE AID CORPORATION, STORE #2709 | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT RITE AID CORPORATION, STORE #2709 FOR SUMMARY JUDGMENT

**I.     MOTION BEFORE THE COURT**

Currently before this Honorable Court is the Motion of Defendant Rite Aid Corporation, Store #2709 for Summary Judgment.

**II.    STATEMENT OF QUESTIONS INVOLVED**

Should this Honorable Court sustain Moving Defendant's Motion for Summary Judgment when the allegations and evidence indicate that the plaintiff has failed to state a claim upon which relief can be granted?

**Suggested Answer:   Yes**

**III.   STATEMENT OF FACTS**

This is an action by the plaintiff alleging civil rights violations, false imprisonment and malicious prosecution against Rite Aid Corporation, Store #2709 (hereinafter "Rite Aid"). The relevant facts are not in dispute.

On April 22, 2008, the plaintiff went into a Rite Aid Store located at 8243 Stenton Avenue, Philadelphia, PA. Plaintiff then proceeded to the isle where the laundry detergent is located and began transferring the detergent of one bottle into another bottle. (See a true and correct copy of the deposition transcript of Plaintiff Earl Williams at p. 26-28 attached hereto and marked as Exhibit "A"). After this action was observed by a Rite Aid security guard, the plaintiff took both tampered bottles of detergent to the register. (See Exhibit "A" at p. 32). The Rite Aid security guard instructed the cashier not to allow the plaintiff to purchase the tampered items. (See Exhibit "A" at p. 32).

The plaintiff then left Rite Aid without being detained, searched or touched in anyway. (See Exhibit "A" at p. 50). After leaving the store, the plaintiff called the police and soon thereafter an officer arrived at the scene. (See Exhibit "A" at p. 50). The plaintiff was then arrested by the Philadelphia police and charged with various offenses. (See Exhibit "A" at p. 50). Nobody from Rite Aid appeared at any criminal proceeding or testified against the plaintiff. (See Exhibit "A" at pp. 50-51).

## IV. LEGAL ARGUMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

First, 18 Pa.C.S.A. § 3929, commonly referred to as the retail theft act, provides, in part, that "[a] person is guilty of a retail theft if he…transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or

on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof."

Further the retail act states that "[a] peace officer, merchant or merchant's employee or an agent under contract with a merchant, who has <u>probable cause to believe that retail theft has occurred or is occurring</u> on or about a store or other retail mercantile establishment and who has probable cause to believe that a specific person has committed or is committing the retail theft <u>may detain the suspect</u> in a reasonable manner for a reasonable time on or off the premises <u>for all or any of the following purposes</u>: to require the suspect to identify himself, to verify such identification, to determine whether such suspect has in his possession unpurchased merchandise taken from the mercantile establishment and, if so, to recover such merchandise, <u>to inform a peace officer, or to institute criminal proceedings</u> against the suspect. <u>Such detention shall not impose civil</u> or criminal liability upon the peace officer, merchant, employee, or agent so detaining." 18 Pa.C.S.A. § 3929(d) (emphasis added).

Here, the plaintiff admits that he was observed committing acts that constitute retail theft. (See Exhibit "A"). Therefore, under the retail theft act, Rite Aid had probable cause to detain the plaintiff, inform the police and institute criminal proceedings, without being liable for civil liability for such actions. This issue is not novel and it been has been addressed by the court on prior occasions. *See Karkut v. Target Corporation, et al.*, 453 F.Supp.2d 874 (E.D.Pa 2006).

Further, even if Rite Aid could be liable for such actions, by plaintiff's own admissions, nobody from Rite Aid detained him, called the police or appeared at criminal hearings to testify against him. (See Exhibit "A"). Therefore, the even if everything the plaintiff is found to be true, as a matter of law, defendants cannot be liable for malicious prosecution or false arrest.

Finally, plaintiff cannot maintain a claim against Rite Aid based on 42 U.S.C. § 1983. Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. *Kaucher v. County of Bucks,* 455 F.3d 418, 423 (3d Cir.2006). It does not, by its own terms, create substantive rights." *Kaucher v. County of Bucks,* 455 F.3d 418, 423 (3d Cir.2006) (footnote omitted) (citing *Baker v. McCollan,* 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)); *see also City of Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing *Baker,* 443 U.S. at 140, 144 n. 3)).

Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Kaucher,* 455 F.3d at 423 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999), and *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir.1995)). Further, although private parties may cause the deprivation of rights, they may only be subjected to liability under § 1983 when they do so under color of state law. *Simpson v. Owner of Dollar Tree Store,* Slip Copy, 2010 WL 3398959 (E.D.Pa.2010).

Determining whether there has been state action requires an inquiry into whether "there is a sufficiently close nexus between the State and the challenged action so that the challenged action may be fairly treated as that of the State itself." *McCracken v. Ford Motor Co.,* Civ. A. No. 01-4466, 2001 WL 1526051, at *4 (E.D.Pa. Nov.27, 2001) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), and citing *Mark,* 51 F.3d at 1141). The Court of Appeals for the Third Circuit has delineated the following tests to determine whether

there has been state action: (1) whether the private entity has exercised powers that are traditionally in the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials, and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity. *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1142 (3d Cir.1995).

Here, like in *Simpson v. Owner of Dollar Tree Store*, the Complaint does not allege and no evidence has been presented that Rite Aid exercised any powers which are traditionally in the exclusive prerogative of the state, it acted with the help of, or in concert with, state officials or that the Philadelphia Police acted as a joint participant with Rite Aid. Accordingly, the plaintiff has also failed to allege a claim under § 1983 against Rite Aid upon which relief may be granted.

## V. RELIEF REQUESTED

For the foregoing reasons, plaintiff has failed to state any claims against Rite Aid upon which relief may be granted and Rite Aid should be dismissed from this action.

Respectfully Submitted

**BOLAN JAHNSEN DACEY**

By: _____/s/ jre1881_____
John Reed Evans, Esquire
31 S. Eagle Road, Suite 202
Havertown, PA 19083
(610) 449-0489
jevans@bolanjahnsen.com
Attorney for Defendant
Rite Aid Corporation, Store #2709

Date: 9/29/10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL WILLIAMS | : CIVIL ACTION |
| v. | : NO. 09-CV-4826 |
| CITY OF PHILADELPHIA, OFFICER LAUREN OSWALD, ind. and in her official capacity as a police officer in City of Philadelphia, CITY OF PHILADELPHIA and RITE AID CORPORATION, STORE #2709 | : |

## CERTIFICATE OF SERVICE

I, John Reed Evans, Esquire, hereby certify that a true and correct copy of Motion for Summary Judgment of Defendant Rite Aid Corporation, Store #2709, was served upon each of the following individuals by forwarding same electronically and/or by U.S. First Class Mail, postage prepaid, on the date indicated below:

Matthew B. Weisberg, Esquire
Prochniak & Weisberg
7 South Morton Avenue
Morton, PA 19070

Mark Maguire, Esquire
Philadelphia Office of City Solicitor
1515 Arch Street
Philadelphia, PA 19102

**BOLAN JAHNSEN DACEY**

BY: /s/ JRE 1881
JOHN REED EVANS, ESQUIRE
31 S. Eagle Road, Suite 202
Havertown, PA 19083
(610) 449-0482
jevans@bolanjahnsen.com
Attorney for Plaintiff

Date: 9/29/2010